UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUDY FLORES<br><br>                Plaintiff,<br><br>    v.<br><br>NOAH DUCKETT, *et al.*,<br><br>                Defendants. | Civil Action No: 22-22 (FYP) |

**JOINT REPORT REGARDING RULE 26(f) CONFERENCE
AND DRAFT DISCOVERY PLAN**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16.3(c) of the Rules of the U.S. District Court for the District of Columbia ("Local Rules"), and this Court's order dated February 22, 2022 (Doc. No. 20), counsel for Plaintiff Rudy Flores and counsel for Defendants Noah Duckett and Byron Alarcon conferred via videoconference on March 8, 2022 and continued to confer via email in the weeks following. The following report summarizes the agreements that counsel reached during this conference. This report includes a brief statement of the case and addresses each of the Local Civil Rule 16.3(c) required topics of discussion in order, including a draft discovery plan, and addresses additional agreements.

**I.      Nature of the Action and Principal Defenses**

      A.      <u>Mr. Flores' Summary of His Claims</u>: On May 8, 2019, Mr. Flores was the victim of an unlawful stop and search conducted by Officers Duckett and Alarcon. After peacefully dispersing from a group of individuals gathered outdoors in Columbia Heights, Mr. Flores was followed as he left the area by Officers Duckett and Alarcon. Officer Duckett drove alongside Mr. Flores, while Officer Alarcon followed Mr. Flores on foot. Despite having no reason to suspect Mr. Flores was engaged in criminal activity, Officers Duckett and Alarcon stopped Mr.

1

Flores. Officer Duckett began the interaction by pushing Mr. Flores against a fence and handcuffing his hands behind his back. Officer Duckett did not ask Mr. Flores any questions or request that Mr. Flores stop prior to forcibly stopping and handcuffing Mr. Flores.

Once Mr. Flores was handcuffed, Officer Duckett conducted a pat-down search. Despite finding nothing, Officer Duckett extended the search to Mr. Flores' pants' pockets in an attempt to locate Mr. Flores' identification. At no point did Officer Duckett request or receive consent from Mr. Flores to search his pockets. Officers Duckett and Alarcon found no evidence of a crime and eventually released Mr. Flores after approximately ten minutes of being detained and handcuffed on the side of the road.

The Officers' conduct violated Mr. Flores' Fourth Amendment rights by unlawfully seizing Mr. Flores without a reasonable suspicion to support the seizure. The officers indicated that the basis for Mr. Flores' stop was that he was in the vicinity of individuals thought to or known to be affiliated with a gang. Even assuming that fact was true, associating with a gang member does not provide reasonable suspicion for a stop.

In addition to the unlawful seizure, Officer Duckett's search of Mr. Flores, by reaching into this pants' pockets to locate Mr. Flores' identification, also violated Mr. Flores' right to be protected from unlawful search. Officer Duckett did not request or receive Mr. Flores' permission to reach into Mr. Flores' pocket and Officer Duckett did not have reasonable suspicion to believe Mr. Flores was armed or had committed a crime. Officer Alarcon was or should have been aware that Officer Duckett's search of Mr. Flores's pockets was unlawful, but he did nothing to stop it despite the opportunity to do so.

B.   <u>Defendants' Summary of Defenses</u>: Defendants reassert the defenses set forth in their answer including, but not limited to: Any actions taken by the Defendants were necessary

and reasonable under the circumstance and carried out pursuant to lawful authority; Defendants assert that there was reasonable articulable suspicion for a brief detention of Plaintiff; and Defendants' conduct was objectively reasonable.

Defendants further assert that based on their experience and training and Plaintiff's actions there was reasonable articulable suspicion that Plaintiff was in possession of a weapon. Thus, the Defendants' contend that they are entitled to qualified immunity.

## II.     Likelihood of Disposal by Dispositive Motions

A.   <u>Mr. Flores' Position</u>: There are currently no dispositive motions pending.  It is Mr. Flores' position that dispositive motions will not resolve the matter and that trial will be necessary.

B.   <u>Defendants' Position</u>: The Defendants believe that this case can be resolved in whole or in part by dispositive motion.

## III.    Date for Joinder and Amended Pleadings

The parties have agreed to file any amended pleadings or motions for joinder no later than April 29, 2022.

## IV.     Settlement Potential

A.   <u>Mr. Flores' Position</u>: Mr. Flores is open to discussion and believes both parties have significant knowledge of the facts to engage in settlement discussions at any point.

B.   <u>Defendants' Position</u>: Defendants are open to settlement discussions but believe that some discovery may be necessary.  If Mr. Flores proffers a settlement offer, the Defendants will consider it.

**V.      Potential for Court's alternative dispute resolution procedures**

  A. <u>Mr. Flores' Position</u>:  Mr. Flores is willing to participate in the Court's alternative dispute resolution procedure.  Mr. Flores is willing to begin alternative dispute resolution discussions as soon as Defendants' are amenable.  If this Court refers the case to mediation, Mr. Flores's position is that it should not stay the discovery schedule.

  B. <u>Defendants' Position</u>: Defendants are amenable to mediation but only after discovery has been completed.

**VI.     Potential for Resolution of Case on Summary Judgment**

  A. <u>Mr. Flores' Position</u>:  It is Mr. Flores' position that following discovery there will be no material disputes of fact as to the facts known to the Officers at the time Mr. Flores was stopped and that the Court will be able to determine that the Officers had no legal justification for the stop and search of Mr. Flores.

  B. <u>Defendants' Position</u>: Defendants contend that they are entitled to qualified immunity because based on their experience and training they had a good faith belief that there was reasonable suspicion to believe that Plaintiff was in possession of a weapon.

**VII.    Initial Disclosures**

  The parties agree to exchange initial disclosures on May 9, 2022.

**VIII.   Anticipated Extent of Discovery; Protective Order**

  The parties agree that 25 interrogatories served on each party are appropriate.  Mr. Flores is permitted to serve up to 25 interrogatories on each Defendant Officer and each Defendant Officer is permitted to serve up to 25 interrogatories on Mr. Flores.  The parties also agree that each side shall be limited to eight fact depositions.  Any depositions of experts would not be included in the eight-deposition limit.

Mr. Flores seeks a protective order to protect any medical records or personal health information disclosed during discovery. The Defendants intend to seek a protective order to protect certain information, including the body worn camera footage. The parties continue to meet and confer to agree to a protective order.

**IX.     E-Discovery Issues; Form of Production**

The parties agree to exchange electronic discovery. The parties continue to meet and confer on an e-discovery protocol to govern productions.

**X.      Privilege Issues**

The parties do not anticipate any unique privilege issues in this matter, but will meet and confer on a format and the contents of any privilege log should it become necessary.

**XI.     Expert Discovery**

To the extent either party intends to rely on expert reports, the parties agree to exchange expert reports on any issue each party bears the burden on June 10, 2022. The parties further agree to exchange any rebuttal expert reports on July 8, 2022.

**XII.    Trial**

A.     <u>Mr. Flores' Position:</u>  Mr. Flores does not believe a trial and/or discovery should be bifurcated into phases. Mr. Flores believes that this matter will be ready for a jury trial by the end of the year or early 2023, but would ask the Court to set a trial date at a pretrial conference that would occur after a decision on any dispositive motions.

B.     <u>Defendants' Position</u>: The Defendants believe that a post-discovery status conference should be held at which time the parties will inform the Court of whether the parties should be referred for mediation or set a dispositive motion briefing schedule.

## XIII. Parties' Joint Proposed Schedule

| Motion to Add Parties or Amend Pleadings | April 29, 2022 |
| --- | --- |
| Initial Disclosures | May 9, 2022 |
| Initial Rule 26 Discovery Requests | May 25, 2022 |
| Affirmative Rule 26(a)(2) Disclosures | June 10, 2022 |
| Rebuttal Rule 26(a)(2) Disclosures | July 8, 2022 |
| Discovery Closes | September 16, 2022 |
| Pretrial Conference[1] | Date to be determined by the Court |

## XIV. Any Additional Matters

Nothing herein shall constitute a waiver of a Party's right to petition the Court to extend any of the above deadlines in accordance with the Federal Rules of Civil Procedure or for the parties to agree to extensions of the above deadlines that do not modify any hearing date or deadlines set by the Court.

---

[1] Defendants believe that a post-discovery status should be held.

| | |
|---|---|
| Dated:  March 22, 2022 | Respectfully submitted, |
| KARL A. RACINE<br>Attorney General for the District of Columbia | /s/ *Diane Shrewsbury*<br>Diane Shrewsbury (DC Bar No. 1021918)<br>Preston Pugh* (DC Bar No. 229512)<br>Sarah E. Bartle (DC Bar No. 1029723) |
| CHAD COPELAND<br>Deputy Attorney General, Civil Litigation Division | CROWELL & MORING LLP<br>1001 Pennsylvania Ave NW<br>Washington, DC 20001 |
| MICHAEL K. ADDO [1008971]<br>Chief, Civil Litigation Division Section IV | (202) 624-2500<br>dshrewsbury@crowell.com<br>ppugh@crowell.com |
| */s/ David A. Jackson*<br>DAVID A. JACKSON [471535]<br>Senior Assistant Attorney General<br>Office of the Attorney General<br>400 Sixth Street, N.W.<br>Washington, D.C. 20001<br>(202) 724-6618 (Direct Line)<br>(202) 436-2598 (Mobile Number)<br>(202) 741-8999 (Fax)<br>davida.jackson@dc.gov | sbartle@crowell.com<br><br>Jacqueline Kutnik-Bauder*<br>Dennis A. Corkery (DC Bar No. 1016991)<br>Carlos A. Andino*<br>WASHINGTON LAWYERS'<br>COMMITTEE FOR CIVIL RIGHTS AND<br>URBAN AFFAIRS<br>700 14th St., NW<br>Ste. 400<br>Washington, DC 20005 |
| */s/ K. Craig Welkener*<br>K. CRAIG WELKENER JR. [1033585]<br>Assistant Attorney General<br>400 Sixth Street, N.W.<br>Washington, D.C. 20001<br>(202) 735-7589 (phone)<br>(202) 730-0652 (fax)<br>kenton.welkener@dc.gov | (202) 319-1000<br> jacqueline_kutnik-bauder@washlaw.org<br>dennis_corkery@washlaw.org<br>carlos_andino@washlaw.org<br><br>**Admitted pro hac vice* |
| Attorneys for Defendants | Attorneys for Plaintiff |