UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUDY FLORES,
    *Plaintiff,*

v.

NOAH DUCKETT, et al.,
    *Defendants.*

Case No. 22-cv-00022 (ACR)

**MEMORANDUM AND ORDER**

    This matter is before the Court on Plaintiff's most recent motion to stay, Dkt. 50, and Defendants' Motion to Dismiss, Dkt. 51.  On January 5, 2022, Plaintiff, Rudy Flores, filed this suit alleging that Defendants, Noah Duckett and Byron Alarcon, both officers with the Metropolitan Police Department, unlawfully searched and seized him in violation of the Fourth Amendment.  Dkt. 1 (Compl.).  The Court entered a scheduling order, Dkt. 25, and the parties proceeded with discovery.  On December 15, 2022, while discovery was ongoing, Plaintiff's counsel learned that a Missing Person's Report had been filed for Mr. Flores.  Dkt. 41 (Initial Mtn. to Stay) at ¶ 1.  Defendants consented to a ninety-day stay.  *Id.* ¶ 2.  The stay expired without a sign of Plaintiff, and Defendants agreed to extend the stay.  Dkt. 42 (Second Mtn. to Stay).  The pattern continued.  Dkt. 45 (Third Mtn. to Stay).  Following Plaintiff's third motion to stay, the Court held a status conference at which it extended the stay but warned Plaintiff's counsel that it would not continue to stay the case without some progress toward finding Mr. Flores.

    Despite the Court's warning, counsel for Plaintiff again moved to extend the stay on November 1, 2023.  Dkt. 50 (Final Mtn. to Stay).  More accurately, Plaintiff's counsel moved for

1

a stay, because Plaintiff is still MIA. Neither his family nor his counsel have heard from him or obtained any clues as to his whereabouts since he went missing in November 2022, *i.e.*, fourteen months ago. Understandably, this time Defendants did not consent and moved to dismiss for failure to prosecute under Federal Rule of Civil Procedure 41(b). Dkt. 51 (Mtn. to Dismiss). For the reasons below and those stated on the record during the Court's hearing on January 30, 2024, the Court grants Defendants' Motion to Dismiss and denies Plaintiff's Motion to Stay.

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order, a defendant may move to dismiss" the case. "As a rule . . . dismissal is in order only when lesser sanctions would not serve the interest of justice." *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990). Relevant considerations "include the effect of a plaintiff's dilatory or contumacious conduct on the court's docket, whether the plaintiff's behavior has prejudiced the defendant, and whether deterrence is necessary to protect the integrity of the judicial system." *Id.* However, because "[t]his analytical framework . . . is not to be applied woodenly in evaluating the myriad and diverse factors that influence district judges in managing their caseloads," *id.*, dismissal is proper when, "in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause," *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985).

Plaintiff has not manifested such reasonable diligence and the interests of justice require dismissal because extending the stay would substantially prejudice Defendants. Plaintiff has been absent from this case since he went missing in November 2022. Since then, zero progress has been made in finding him. The Court questioned Plaintiff's counsel at length to determine if they have any iota of new information regarding his whereabouts or possible return. They do

not.  Mr. Flores' absence prevents the Court from resolving the case and keeps Defendants in a state of suspended animation.

Having a federal lawsuit accusing them of Constitutional violations over their heads, without any ability to defend themselves, naturally causes Defendants—police officers—substantial prejudice.  Their counsel represents, and neither Plaintiff nor the Court have any basis to question, that the case has limited one officer's career opportunities and complicated both officers' credibility when testifying in criminal cases.  Plaintiff's counsel responds that Defendants' credibility is already suspect in any testimony because they have been cited for administrative misconduct for the actions underlying this lawsuit.  Perhaps, but, as Defense counsel highlights, having a federal lawsuit outstanding is prejudicial to their ability to testify in and of itself.

It is hereby **ORDERED** that Defendant's Motion to Dismiss for Failure to Prosecute, Dkt. 51, is **GRANTED**; it is further ordered that Plaintiff's Motion to Stay, Dkt. 50, is **DENIED**.  Accordingly, the case is **DISMISSED WITHOUT PREJUDICE**.  This is a final appealable order.  *See* FED. R. APP. P. 4(a).

Date: February 2, 2024

                                                                                            _____
                                                                                            Ana C. Reyes
                                                                                            United States District Judge